[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY
Raising two assignments of error, defendant-appellant Toni Cross appeals the judgment of the trial court convicting her of menacing by stalking, a violation of R.C. 2903.211(A).
In her first assignment of error, Cross asserts that there was insufficient evidence to support her conviction and that the trial court erred in overruling her Crim.R. 29 motion for acquittal. For this court to reverse a conviction based on insufficient evidence, we must conclude, after viewing the evidence in a light most favorable to the prosecution, that no rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt.[1] Likewise, to invalidate a trial court's denial of a Crim.R. 29 motion for acquittal, we must determine that the evidence is such that reasonable minds could not differ in concluding that the state had failed to prove each material element of the crime beyond a reasonable doubt.[2] In the review of such a motion, the evidence must be viewed in a light most favorable to the state.[3] Upon review of the record under the applicable standards, we find no merit to Cross's first assignment of error. Therefore, we overrule it.
In her second assignment of error, Cross contends that her conviction was against the weight of the evidence. Because we conclude that, in weighing the evidence, the trial court did not lose its way and create a manifest miscarriage of justice, we overrule this assignment.[4] Accordingly, we overrule the second assignment of error and affirm the judgment of the trial court.
 ______________________________ GORMAN, PRESIDING JUDGE
 SUNDERMANN and WINKLER, JJ.
[1] See State v. Thompkins (1997), 78 Ohio St.3d 380,678 N.E.2d 541; State v. Jenks (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus.
[2] See State v. Bridgeman (1978), 55 Ohio St.2d 261,381 N.E.2d 184, syllabus.
[3] See State v. Evans (1992), 63 Ohio St.3d 231, 248,586 N.E.2d 1042, 1056.
[4] See State v. Martin (1983), 20 Ohio App.3d 172, 175,485 N.E.2d 717-721, quoted in State v. Thompkins (1997), 78 Ohio St.3d 380,387, 678 N.E.2d 541, 549.